UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

DANA CARR, an Individual

    Plaintiff,

v.                                             **COMPLAINT**

CITY OF MIAMI, a municipality,

    Defendant.

**Introduction**

Plaintiff, DANA CARR, ("Plaintiff") sues Defendant, CITY OF MIAMI, ("The City") for discrimination and retaliation in its employment practices that adversely affected her employment, namely demoted Plaintiff four ranks below her position, deprived her of supplemental income, and subjected her to a hostile-work environment and disparate treatment.

**Jurisdiction and Parties**

1. This is an action for damages. Plaintiff brings this lawsuit for discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.; and the Florida Civil Rights Act of 1992, Fla. Stat. §760.10, et seq. (FCRA).

2. Plaintiff is a natural person, sui juris, who is a resident of the State of Florida and resides in Miami-Dade County, Florida.

3. Defendant, City of Miami is a municipality incorporated in the State of Florida.

4. At all times material hereto, Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02 (10).

5. City of Miami employs more than 500 employees and is Plaintiff's employer within the meaning of FCRA, Fla. Stat. § 760.02(7); and Civil Rights Act of 1964, 42 U.S.C §2000e (b).

6. At all times during her employment relationship with Defendant, Plaintiff was Defendant's "employee" as defined by FCRA, Fla. Stat. § 760.02 et seq.; and Civil Rights Act of 1964, 42 U.S.C. §§ 2000e (f).

7. This Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C.§1332, 28 U.S.C. §1343(3) and (4) and 28 U.S.C. §1367(a) and 29 U.S.C. §216 (b). The jurisdiction of the Court is further invoked to secure protection for and to redress the deprivation of rights protected by Title VII, 42 U.S.C. §1983 and the FCRA.

8. Venue is proper under 28 U.S.C. § 1391(b) because all of the discriminatory acts complained by Plaintiff occurred within this judicial district and because City of Miami is located within this judicial district.

9. All conditions precedent have been satisfied, waived or excused before the filing of the instant lawsuit.

**General Allegations**

10. Plaintiff, Dana Carr, is a black female police captain with the City of Miami and has worked for Miami Police Department for 27 years.

11. On or about September 3, 2019, Carr made a hostile-work environment and retaliatory complaints with the City due to the harassment she was enduring because of her race, black, and gender, female. Among other things, Carr was denied appropriate resources to do her job within the department; she was disregarded and left out of decisions concerning her work section and was singled out and her work was continuously scrutinized in a way that Carr was subject to constant inspections and unfair investigations in material part because of her race and sex.

12. On September 22, 2019, Carr made a formal complaint against the Internal Affairs Unit and the then Chief of Police Jorge Colina for abuse of authority and the hostile work environment she was being subjected to as Black-female officer as well as the retaliatory treatment of Carr's husband, Ramon Carr. Carr reasonably believed that she was subjected to unfair and discriminatory treatment by the City.

13. There were legitimate reasons for Plaintiff to complain about discrimination. Further, Carr opposed to be participant of the City's systematically discriminatory conduct toward Black officers.

14. On November 19, 2020, Carr again complained of sexism and racism within the department in a letter to all her staff. On a meeting with Chief Colina, Carr, also raised her concerns on the discriminatory and retaliatory behavior against her as well as against all Black officers that seemingly created a hostile work environment within the City, thereby making it more difficult for her to successfully do her job.

15. Carr also opposed to discipline a Black police officer, Sgt. Stanley Jean-Poix, because she reasonably believed that such action against him was unwarranted and retaliatory, in part, because said police officer complained of discrimination against Black police officers and misconduct of the then Chief of Police, Jorge Colina within the City. Sgt. Jean-Poix is an union representative for the Fraternal Order of Police (FOP) and the Miami Community Police Benevolent Association (MCPBA)[1], and he opposed Chief Colina and other senior staff members in their misconduct and discriminatory behavior toward Black officers.

16. Because Carr refused to be a participant on the City's discriminatory and retaliatory practices, she was retaliated against by Defendant. Consequently, she complained of racist behavior against black officers in the criminal division and against the discrimination she was enduring at the City.

17. On or about November 26, 2019, Carr filed a charge of discrimination due to her employer's discriminatory conduct.

18. On January 8, 2020, just weeks after she filed her charge of discrimination, Carr was demoted four ranks below the line, from Major to Captain, in retaliation of her complaints. Carr's duties and responsibilities were substantially affected, specifically, as police major, she was responsible for managing multiple units[2]: Property and Evidence Unit,

---

[1] The MCBPA is a labor organization comprised primarily of Black police officers with the primary goals of eliminating prejudice and discrimination, defense of human rights, combating community deterioration and juvenile delinquency.

[2] Captain Carr was also responsible for a) the procurement of departments supplies, uniforms, and equipment (i.e. gun, ammunition, badges, etc.); b) managing a $2,800,000 budget; c) purchasing evidence management system to make property unit more efficient, etc.

Quartermaster Unit, Supply and Mail Room, Auto Pound Unit and Fleet Liasion Unit. After her unlawful demotion, Carr is now managing the Communication Unit[3]. Carr's compensation was also significantly reduced as a retaliatory tactic for her complaints and other federally protected oppositions.

19. The City, through its officers, directors and staff, encouraged and ratified the aforementioned behavior and, therefore, discriminated against Carr in part because of her Race and Sex and because of her refusal to cooperate with the City's discriminatory practices against Black officers, in violation of Title VII of the Civil Rights Act of 1964, as amended, and Chapter 760.10 of the Florida Statutes.

20. As a result of the discrimination and retaliation the City perpetuated through the actions of its supervisors, Plaintiff's employment was adversely affected and she suffered damages.

## Count I – Retaliation
*(In Violation of Title VII of the Civil Rights Act of 1964)*

21. Plaintiff incorporates and realleges paragraphs 1 through 20 as though fully set forth herein.

22. On November 19, 2020, Plaintiff complained of sexism and racism within the department in a letter to all her staff. She complained of racist behavior against Black officers in the criminal division at the City. She raised concerns of the sexist and racial discriminatory practices and hostile work environment within the City.

---

[3] Communications Unit includes the Computer Aided Dispatch Detail, Emergency 911 Detail, Quality Assurance Detail, Communications Training Detail, 24-Hour Desk Detail, and the Validation Detail.

23. Carr also complained against what she reasonably perceived were discriminatory and retaliatory behavior against her, thereby making it more difficult for her to successfully do her job.

24. Carr also opposed to be part of the City's discriminatory conduct toward Black officers.

25. On or about November 26, 2019, Carr filed a charge of discrimination due to her employer's discriminatory actions.

26. Because Carr complained of what she reasonably perceived were the City's discriminatory practices, she was unlawfully retaliated against by the City.

27. On January 8, 2020, just weeks after she filed her charge of discrimination, Carr was demoted four ranks below the line, from Major to Captain, in retaliation of her complaints. Carr's compensation, job duties and responsibilities were adversely affected as a retaliatory tactic against her complaints.

28. As a result of the City's actions, Carr suffered damages.

WHEREFORE, Plaintiff respectfully requests that this Court:

    a. Assume jurisdiction of this cause of action and the parties;

    b. Issue a judgment declaring and finding that Defendant's actions, practices and procedures as stated above constitute discrimination in violation of Plaintiff's rights as secured by Title VII of the Civil Rights Act of 1964, as amended; and,

    c. Order Defendants to make Plaintiff whole, as she was adversely affected by the activities described herein, by providing lost wages, and compensatory damages, prejudgment interest, and any other damages allowed in action under Title VII of the Civil Rights Act of 1964, as amended; and,

    d. Enter an award and judgment for attorney's fees and costs, and all other further relief that this Court deems necessary and proper.

## Count II – Retaliation
*(In Violation of Fla. Civ. Rights Act of 1992 Fla. Stat. § 760.01, et seq.)*

29. Plaintiff incorporates and realleges paragraphs 1 through 20 as though fully set forth herein.

30. On November 19, 2020, Plaintiff complained of sexism and racism within the department in a letter to all her staff. She complained of racist behavior against black officers in the criminal division at the City. She raised concerns of the sexist and racial discriminatory practices and hostile work environment within the City.

31. Carr also complained against what she reasonably perceived were discriminatory and retaliatory behavior against her, thereby making it more difficult for her to successfully do her job.

32. Carr also opposed to be part of the City's discriminatory conduct toward Black female officers.

33. Because Carr complained of what she reasonably perceived on the City's discriminatory practices, she was retaliated against by the City due to the vote of no confidence and racist behavior in the criminal division at the City.

34. On or about November 26, 2019, Carr filed a charge of discrimination due to her employer's discriminatory conduct.

35. On January 8, 2020, just weeks after she filed her charge of discrimination, Carr was demoted four ranks below the line, from Major to Captain, in retaliation of her complaints. Carr's compensation, job duties and responsibilities were adversely affected as a retaliatory tactic against her complaints.

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Assume jurisdiction of this cause of action and the parties;

b. Issue a judgment declaring and finding that Defendants' actions, practices and procedures as stated above constitute race discrimination in violation of Plaintiff's rights as secured by The Florida Civil Rights Act, Fla. Stat. § 760.01, *et seq.*;

c. Order Defendants to make Plaintiff whole, as she was adversely affected by the activities described herein, by providing appropriate lost wages, back pay, compensatory damages, mental anguish and loss of dignity pursuant to Fla. Civ. Rights Act 1992, *Fla. Stat.* § 760.01, *et seq.*

d. Enter an award and judgment for attorney's fees and costs, and all other further relief that this Court deems necessary and proper.

## Count III – Race Discrimination
(In Violation of Title VII of the Civil Rights Act of 1964)

36. Plaintiff incorporates and realleges paragraphs 1 through 20 as though fully set forth herein.

37. On or about September 3, 2019, Carr made a hostile-work environment and retaliatory complaints with the City due to the harassment she was enduring because of her race, Black, and gender, female. Among other things, Carr was denied appropriate resources to do her job within the department; she was disregarded and left out of decisions concerning her work section and was singled out and her work was continuously scrutinized in a way that Carr was subject to constant inspections and unfair investigations in material part because of her race.

38. There were legitimate reasons for Plaintiff to complain about discrimination. Carr also opposed to be a participant on the City's discriminatory conduct toward Black officers.

39. Plaintiff reasonably believes that her race was a motivating factor in the defendant's unlawful treatment.

40. Plaintiff was treated differently than others who were not black, with regards to her compensation, terms, conditions, and privileges of employment.

41. Defendant's treatment of Plaintiff was unlawful discrimination in violation of 42 U.S.C. 2000e-2.

42. As a direct and proximate result of the foregoing, Plaintiff suffered and continues to suffer damages.

43. As a result of Defendant's actions, Plaintiff was forced to retain the undersigned counsel to file this action.

WHEREFORE, Plaintiff respectfully requests that this Court:

 e. Assume jurisdiction of this cause of action and the parties;

 f. Issue a judgment declaring and finding that Defendant's actions, practices and procedures as stated above constitute discrimination in violation of Plaintiff's rights as secured by Title VII of the Civil Rights Act of 1964, as amended; and,

 g. Order Defendants to make Plaintiff whole, as she was adversely affected by the activities described herein, by providing lost wages, and compensatory damages, prejudgment interest, and any other damages allowed in action under Title VII of the Civil Rights Act of 1964, as amended; and,

 h. Enter an award and judgment for attorney's fees and costs, and all other further relief that this Court deems necessary and proper.

**Count IV – Race Discrimination**
*(In Violation of Fla. Civ. Rights Act of 1992 Fla. Stat. § 760.01, et seq.)*

44. Plaintiff incorporates and realleges paragraphs 1 through 20 as though fully set forth herein.

45. On or about September 3, 2019, Carr made a hostile-work environment and retaliatory complaints with the City due to the harassment she was enduring because of her race, Black, and gender, female. Among other things, Carr was denied appropriate resources to do her job within the department; she was disregarded and left out of decisions concerning her work section and was singled out and her work was continuously scrutinized in a way that Carr was subject to constant inspections and unfair investigations in material part because of her race.

46. There were legitimate reasons for Plaintiff to complain about discrimination. Carr also opposed to be part of the City's discriminatory conduct toward Black officers.

47. Plaintiff reasonably believes that her race was a motivating factor in the defendant's unlawful treatment.

48. Plaintiff was treated differently than others who were not black, with regards to her compensation, terms, conditions, and privileges of employment.

49. Defendant's treatment of Plaintiff was unlawful discrimination in violation of Fla. Stat. § 760.01, et seq.

50. As a direct and proximate result of the foregoing, Plaintiff suffered and continues to suffer damages.

51. As a result of Defendant's actions, Plaintiff was forced to retain the undersigned counsel to file this action.

WHEREFORE, Plaintiff respectfully requests that this Court:

   a. Assume jurisdiction of this cause of action and the parties;

   b. Issue a judgment declaring and finding that Defendants' actions, practices and procedures as stated above constitute race discrimination in violation of Plaintiff's rights as secured by The Florida Civil Rights Act, Fla. Stat. § 760.01, *et seq.*;

   c. Order Defendants to make Plaintiff whole, as she was adversely affected by the activities described herein, by providing appropriate lost wages, back pay, compensatory damages, mental anguish and loss of dignity pursuant to Fla. Civ. Rights Act 1992, *Fla. Stat.* § 760.01, *et seq.*

   d. Enter an award and judgment for attorney's fees and costs, and all other further relief that this Court deems necessary and proper.

### Count V – Sex Discrimination
*(In Violation of Title VII of the Civil Rights Act of 1964)*

52. Plaintiff incorporates and realleges paragraphs 1 through 20 as though fully set forth herein.

53. On or about September 3, 2019, Carr made a hostile-work environment and retaliatory complaints with the City due to the harassment she was enduring because of her gender, female. Among other things, Carr was denied appropriate resources to do her job within the department; she was disregarded and left out of decisions concerning her work section and was singled out and her work was continuously scrutinized in a way that Carr was subject to constant inspections and unfair investigations in material part because she is a woman.

54. Plaintiff's sex was a motivating factor for Defendant's unlawful practices.

55. Plaintiff was treated differently than others who were not female, with regards to her compensation, terms, conditions, and privileges of employment.

56. Defendant's treatment of Plaintiff was unlawful discrimination in violation of 42 U.S.C. 2000e-2.

57. As a direct and proximate result of the foregoing, Plaintiff suffered and continues to suffer severe emotional and financial damages.

58. As a result of Defendant's actions, Plaintiff was forced to retain the undersigned counsel to file this action.

WHEREFORE, Plaintiff respectfully requests that this Court:

    a. Assume jurisdiction of this cause of action and the parties;

    b. Issue a judgment declaring and finding that Defendant' actions, practices and procedures as stated above constitute discrimination in violation of Plaintiff's rights as secured by Title VII of the Civil Rights Act of 1964, as amended; and,

    c. Order Defendants to make Plaintiff whole, as she was adversely affected by the activities described herein, by providing lost wages, and compensatory damages, prejudgment interest, and any other damages allowed in action under Title VII of the Civil Rights Act of 1964, as amended; and,

    d. Enter an award and judgment for attorney's fees and costs, and all other further relief that this Court deems necessary and proper.

### Count VI – Sex Discrimination
*(In Violation of Fla. Civ. Rights Act of 1992 Fla. Stat. § 760.01, et seq.)*

59. Plaintiff incorporates and realleges paragraphs 1 through 20 as though fully set forth herein.

60. On or about September 3, 2019, Carr made a hostile-work environment and retaliatory complaints with the City due to the harassment she was enduring because of her gender,

female. Among other things, Carr was denied appropriate resources to do her job within the department; she was disregarded and left out of decisions concerning her work section and was singled out and her work was continuously scrutinized in a way that Carr was subject to constant inspections and unfair investigations in material part because she is a woman.

61. Plaintiff's sex was a motivating factor for Defendant's unlawful practices.

62. Plaintiff was treated differently than others who were not female, with regards to her compensation, terms, conditions, and privileges of employment.

63. Defendant's treatment of Plaintiff was unlawful discrimination in violation of Fla. Stat. § 760.01, et seq.

64. As a direct and proximate result of the foregoing, Plaintiff suffered and continues to suffer severe emotional and financial damages.

65. As a result of Defendant's actions, Plaintiff was forced to retain the undersigned counsel to file this action.

WHEREFORE, Plaintiff respectfully requests that this Court:

    e. Assume jurisdiction of this cause of action and the parties;

    f. Issue a judgment declaring and finding that Defendants' actions, practices and procedures as stated above constitute race discrimination in violation of Plaintiff's rights as secured by The Florida Civil Rights Act, Fla. Stat. § 760.01, *et seq.*;

    g. Order Defendants to make Plaintiff whole, as she was adversely affected by the activities described herein, by providing appropriate lost wages, back pay, compensatory damages, mental anguish and loss of dignity pursuant to Fla. Civ. Rights Act 1992, *Fla. Stat. § 760.01, et seq.*

    h. Enter an award and judgment for attorney's fees and costs, and all other further relief that this Court deems necessary and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff Dana Carr hereby demands a jury trial as to all issues triable by a jury.

Respectfully submitted on this 27th day of July 2021.

                The Harris Law Firm Group, P.A.
                800 Brickell Avenue, Suite 1205
                Miami, Florida 33131
                Tel.:   305.536.6131
                Fax.:  305.536.6130

By:    **/s/Robert N. Harris**
           Robert Newton Harris, Esq.
           Fla. Bar. No.: 87671
           robert@harrislawinfo.com
           lruiz@harrislawinfo.com
           ana@harrislawinfo.com